UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMIAH BRINSON,

                Petitioner,                     **ORDER**
                                                                                No. 01-CV-0405

    -vs-

HANS WALKER,

                Respondent.
_____

**Procedural Background**

On January 6, 2006, judgment was entered in favor of petitioner Jeremiah Brinson based on this Court's Decision and Order dated January 5, 2006, granting Brinson's petition for a writ of habeas corpus on the basis of a Sixth Amendment Confrontation Clause error. *See* Docket Nos. 26, 27. Petitioner Brinson thereafter made an application to be released on bail and, on June 6, 2006, this Court lifted the stay that had been imposed under its Decision and Order granting the petition and held a bail hearing. Following the hearing, the Court denied bail and reimposed the stay. *See* Docket No. 38 (minute entry). On July 5, 2006, the Court received Brinson's *pro se* notice of appeal dated June 28, 2006, regarding the Court's decision denying bail. *See* Docket No. 40. In the notice of appeal, Brinson requested a copy of the transcript of the bail hearing (Docket No. 39) and indicated that he previously had been granted *in forma pauperis* status by the Court. *See* Docket Nos. 4, 40.

**The Second Circuit's Mandate Regarding the Appeal**

The Second Circuit Court of Appeals issued a mandate on July 31, 2006, noting that the file did not contain an indication as to whether this Court had granted or denied a Certificate of

Appealability with respect to the bail issue. *See* Docket No. 42. The Court of Appeals accordingly dismissed Brinson's notice of appeal without prejudice to the appeal being reinstated upon notice to the Clerk within thirty (30) days of entry of an order by this Court granting or denying a Certificate of Appealability. *See id.* The mandate further directed the petitioner to "promptly move for a certificate of appealability in the district court." *Id.* This Court has not received anything from petitioner Brinson following the entry of the Second Circuit's mandate.

The Court regrets that due an error with the e-mail notification system, it did not become aware of these filings until just recently. In the interest of judicial economy, the Court will not require petitioner to come back to this Court to move for a Certificate of Appealability. The Court has reviewed petitioner's application and the transcript of the bail hearing and has determined that a Certificate of Appealability should issue with respect to the denial of bail, as petitioner has made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

**Petitioner's Request for Transcript of Bail Hearing**

Also before the Court is Brinson's application for a waiver of the cost imposed for transcribing and obtaining a copy of the bail hearing transcript for his appeal. Petitioner has been granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915 in his district court proceedings and on appeal. *See* Docket No. 4. For that reason, he is entitled, under certain circumstances, to a transcript which is paid for by the government. *See* 28 U.S.C. § 753(f) (providing in relevant part that "[f]ees for transcripts . . in habeas corpus proceedings to persons allowed to sue, defend, appeal *in forma pauperis* shall also be paid by the United States"). In addition, as noted above, the Court has certified that Brinson's appeal presents a substantial

question regarding the denial of a constitutional right.

For the foregoing reasons, the Court finds that Brinson is entitled to a copy of the transcript with the fee to be paid by the government pursuant to 28 U.S.C. § 753(f). The transcript of the bail hearing was transcribed by Michelle McLaughlin and is maintained in paper form in the District Court Clerk's office. *See* Docket No. 39 (minute entry). The Court has notified the District Court Clerk's office of Brinson's request for the transcript and that it is to be provided at no cost to him.

Accordingly, it is hereby

**ORDERED** that a Certificate of Appealability issue with respect to petitioner's claim that he is entitled to bail; and

**ORDERED** that a copy of the transcript of the bail hearing (Docket No. 38) be furnished to petitioner, with the cost to be paid by the United States pursuant to 28 U.S.C. § 753(f).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: January 31, 2007
Buffalo, New York.

3